The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Cramer and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, the Defendant-Employer regularly employing three or more employees, one of whom was the Plaintiff-Employee.
2. The carrier on the risk at the time of the alleged injury by accident was Aetna Life Casualty Company.
3. The parties agreed that copies of Plaintiff's medical records, the discovery responses in this case, and documents filed with the Industrial Commission could be submitted as evidence, without further authentication.
4. Plaintiff-Employee's average weekly wage is $475.00, yielding a compensation rate of $316.64.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a male who was born on October 14, 1932. He is retired from military service, and receives twenty percent of his military retirement as disability due to injuries he sustained in Korea in 1952, including injury to his back.
2. Plaintiff began working for Defendant-employer around the first of April, 1993. His job was to clean and spray paint steel structures.
3. On or about April 8, 1993, Plaintiff was working at one of the Defendant-Employer's job sites in Fayetteville and was engaged in painting structures. He filled a five (5) gallon paint sprayer with paint, and then he lifted the sprayer, which weighs around 80 to 100 pounds, and attempted to place it in a lift basket so that he could continue painting. As he did so, a part of the sprayer caught on the edge of the lift basket. Plaintiff jerked at this sprayer in an attempt to free it, and as he did so, he lost his balance and fell backwards to the ground. Immediately thereafter, he began experiencing sharp pain in his lower back, running across his buttocks and into his right leg. This event was an accident in the form of a specific traumatic incident arising out of and in the course of Plaintiff's employment with Defendant-employer.
4. On the evening of the accident Plaintiff sought medical attention for his injury at Womack Army Hospital, at Fort Bragg. He continued to receive treatment for this injury at Womack Army Hospital until February of 1994, at which time he was referred to the Veterans Administration Hospital in Fayetteville for further treatment.
5. Also on the evening of the accident Plaintiff notified David Warren, his immediate supervisor, that he had injured his back while moving the sprayer, and had sought treatment at Womack Army Hospital. The next time he saw Plaintiff, Warren noticed that Plaintiff appeared to be in pain, and Plaintiff told him he was having pain down his leg.
6. Although Plaintiff had a pre-existing back injury related to his military service prior to his accident on or about April 8, 1993, Plaintiff was capable of engaging in gainful employment.
7. During the period April 1993 through January 1994, Plaintiff continued to work for Defendant-Employer but did so with difficulty. Due to his back and leg pain, he was given lighter duty work in the shop. Plaintiff's employment with Defendant was terminated in January 1994.
8. After he was terminated from Defendant's employment, Plaintiff began painting homes for Harrison Painting Company. He had difficulty walking and climbing ladders, and told Mr. Harrison he was having problems. Plaintiff's employment with Harrison was terminated in late April, 1994. Plaintiff has not engaged in gainful employment since that time.
9. Plaintiff has been evaluated by Dr. John Feagin, Jr., the chief orthopaedic surgeon at the Veterans Administration Hospital in Durham. Tests including a CT scan, MRI, and myelogram, show that Plaintiff has spinal stenosis at L3-L4, a small herniated disc at L3-L4 and spondylolysis at L5, as well as rheumatoid arthritis. Dr. Feagin is of the opinion that Plaintiff is totally disabled and that his condition is permanent.
10. Due to his back condition, lifting or bending can be painful and potentially injurious to Plaintiff. He has limited mobility and is not capable of walking a long distance or carrying a load any significant distance. Due to his limitations, and his pain, and considering his age, and prior work experience, Plaintiff is unable to earn wages in any employment, and has been unable to do so since he last worked in April 1994.
11. The accident which occurred on or about April 8, 1993 significantly aggravated Plaintiff's pre-existing back condition to the point that Plaintiff is disabled due to his limitations and his pain. Plaintiff's condition is unlikely to improve and is most likely to be permanent.
12. Plaintiff will need additional medical treatment in the future to give him relief from his back and leg pain.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On or about April 8, 1993 Plaintiff suffered an injury by accident through a specific traumatic incident, arising out of and in the course of his employment with Defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of this injury by accident, Plaintiff became totally disabled on or about the end of April of 1994 and continues to be so disabled, and is entitled to total disability compensation, in the weekly amount of $316.64, beginning May 1, 1994 and continuing for the remainder of his life, or until he is determined no longer to be disabled. N.C. Gen. Stat. § 97-29.
3. Plaintiff is also entitled to payment of all of his incurred, but unpaid medical expenses arising out of and as a consequence of his injury by accident, and to reimbursement of any third party who has paid any such expense on Plaintiff's behalf and who is entitled by law to reimbursement therefore. N.C. Gen. Stat. §§ 97-2(19), 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay to the service provider, or to any third party entitled by law to reimbursement all medical costs and expenses of Plaintiff arising out of or as a consequence of the aforesaid injury by accident.
2. Defendants shall pay all future medical expenses of Plaintiff for any and all treatment necessary to provide Plaintiff relief from his back injury.
3. Defendants shall pay Plaintiff total disability compensation at the rate of $316.64 per week, commencing on May 1, 1994 and continuing for the remainder of Plaintiff's life, or until he is determined no longer to be disabled. All such sums that have accrued to date shall be paid in a lump sum, subject to the attorney's fee approved hereafter.
4. A reasonable attorney's fee of twenty-five percent of the compensation payable to Plaintiff under this Opinion and Award is approved for Plaintiff's counsel. Twenty-five percent of the lump sum due Plaintiff shall be deducted therefrom and paid directly to Plaintiff's counsel. Thereafter, every fourth check shall be forwarded to Plaintiff's counsel.
5. Defendants shall pay the costs.
This is the 21st day of August 1997.
 S/ ____________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ____________________ THOMAS J. BOLCH COMMISSIONER
S/ ____________________ GEORGE T. GLENN II DEPUTY COMMISSIONER
DCS:bjp